UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAJID ALFARAG, | CASE NO. 2:25-cv-00198-JNW |
| Plaintiff, | ORDER |
| v. | |
| LOUIS DEJOY, | |
| Defendant. | |

The Court raises this matter on its own accord. Under the Federal Rules of Civil Procedure, plaintiffs must—within 90 days of filing their complaint—perfect service of process upon each defendant and file proof of service with the Court. *See* Fed. R. Civ. P. 4(l), (m). Pro se Plaintiff Majid Alfarag's complaint was filed on February 3, 2025. Dkt. No. 5. As such, the 90-day window for service of process has now elapsed.

Upon review, the Court FINDS that Alfarag's affidavit at Dkt. No. 12 does not adequately prove service of process. The affidavit reveals multiple defects. First, it identifies the server as Alfarag, but under the Federal Rules, an individual who is party to a case cannot serve a summons and complaint. *See* Fed. R. Civ. P. 4(c).

**ORDER** - 1

Second, the affidavit does not appear to satisfy Rule 4(i), which governs service of process upon a federal officer. The rule reads in full as follows:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> (1) *United States.* To serve the United States, a party must:
>
> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
> (3) *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i).

**ORDER** - 2

Rather than dismiss this action for failure to prove service of process, the Court EXTENDS the time for Alfarag to effect service in compliance with Rule 4(i). The Court ORDERS Alfarag to perfect service of process within 30 (THIRTY) days of this Order. Failure to do so may result in dismissal of this lawsuit.[1]

IT IS SO ORDERED.

Dated this 5th day of May, 2025.

Jamal N. Whitehead
United States District Judge

---

[1] The Court directs Alfarag to consult the Western District of Washington's "Pro Se Guide," which offers instructions for self-represented parties on how to litigate on their own behalf. *See* "Pro Se Guide to Filing Your Lawsuit in Federal Court," https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf. In particular, the Court directs Alfarag to Part Four of the Pro Se Guide, which discusses "Service of Summons and Complaint." *See id.* at 23–25.

**ORDER** - 3